IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,
vs.                             **Case No. 10-40131-01-RDR**

KENNETH WAYNE HARRISON,

        Defendant.

### **O R D E R**

This matter is presently before the court upon defendant's <u>pro se</u> motion for enlargement of time to file a motion pursuant to 28 U.S.C. § 2255. Having carefully reviewed the motion, the court is now prepared to rule.

The defendant entered a guilty plea in accord with a plea agreement to possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). The plea agreement was made pursuant to Fed.R.Civ.P. 11(c)(1)(C) with an agreed upon sentence of 180 months. In accordance with the plea agreement, the court ultimately sentenced the defendant to 180 months on May 9, 2011. The judgment was entered by the court on May 11, 2011.

In the instant motion, the defendant seeks an enlargement of time to October 12, 2012 in which to file his § 2255 motion. He requests the extension because (1) he is incarcerated and is not an attorney and possesses "only a layman's knowledge of the complex

workings of our judicial system;" (2) he is presently researching issues that can and will be raised in his motion; (3) he is relying upon inmate legal assistants to assist in researching the issues; and (4) he has only limited time to use the prison library.

The court notes initially that it has no authority to extend the statutory deadline in 28 U.S.C. § 2255. See Washington v. United States, 221 F.3d 1354, 2000 WL 985885 at *1-2 (10th Cir. July 18, 2000); United States v. Leon, 203 F.3d 162, 163-64 (2nd Cir. 2000). Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes the clear intent of Congress to accelerate the federal habeas process. Washington, 2000 WL 985885 at *1.

The deadline to file a § 2255 motion is subject to equitable tolling, but the question of tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court *sua sponte*. United States v. Daniels, 191 Fed. Appx. 622, 622 (10th Cir. 2006) (quoting United States v. Verners, 15 Fed. Appx. 657, 660 (10th Cir. 2001)). Because defendant has not yet filed a § 2255 motion, any request for the court to grant an extension under the doctrine of equitable tolling is not ripe. A ruling on that issue at the present time would constitute an advisory opinion. See Verners, 15 Fed. Appx. at 660 (question of equitable tolling not

ripe until § 2255 motion is filed). The court therefore denies defendant's motion for extension of time. See Daniels, 191 Fed. Appx. at 622; Verners, 15 Fed. Appx. at 660; see also United States v. White, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (federal court lacks jurisdiction to consider timeliness of § 2255 petition until petition is filed); Leon, 203 F.3d at 164.

**IT IS THEREFORE ORDERED** that defendant's motion for enlargement of time to file petition for *writ of habeas corpus* pursuant to 28 U.S.C. § 2255 (Doc. # 31) be hereby denied.

**IT IS SO ORDERED.**

Dated this 27th day of April, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge